DONALD K. CARROLL, Judge.
This is an appeal from a summary judgment entered by the Circuit Court for Washington County, Florida, in a quo war-ranto proceeding ousting the appellant from exercising the functions, privileges, and powers under its certificate of incorporation.
Appellee, Ward McAllister, relator below, filed in the circuit court an amended information in the nature of quo warranto, in the name of the State of Florida, alleging that the Washington County Kennel Club, Inc., appellant here, had been operating a dog racing track in Washington County, Florida, without legal leave, license, and franchise for the operation of such a business; that the kennel club is continuing to exercise and use without warrant or authority of law and in violation of the laws of Florida, the rights, privileges, and franchise of operating said dog racing track, “where legalized gambling is permitted to the great damage and prejudice of the people of the State of Florida. The use of said privilege and franchise vitally affects the welfare, franchises, prerogatives and liberties of all the people of the state.”
With reference to his right to institute the proceeding in the name of the State of Florida, appellant alleged: “Public rights being involved, the public is the real party in interest in this proceeding and the relator, plaintiff, as a citizen of the State of Florida, brings this proceeding on behalf of the people of the State of Florida. And the said Ward McAllister further informs the court that the Attorney General of the State of Florida has refused to prosecute this proceeding.” Copy of the letter from Attorney General was attached to the information.
The information then alleged that the kennel club was never incorporated under the laws of Florida, to wit, Section 608.03, Sub-paragraph 4, Florida Statutes, F.S.A., in that the articles of incorporation were *177 not subscribed or acknowledged as required by such statutory provision. The prayer of the information was that process of law be issued against the kennel club to answer by what authority it claimed to use and exercise, licenses, franchises, and functions as aforesaid.
The respondent, the kennel club, appellant herein, filed motions to dismiss and quash the amended information, which motions were denied by the circuit court, holding that the amended information stated a cause of action which could be maintained upon the relation of McAllister. Thereafter the kennel club filed an amended answer, alleging, among other defenses, that McAllister had no lawful authority to prosecute the proceeding either in the name of the State of Florida or the people of the state.
Both McAllister and the kennel club filed motions for summary judgment. After a hearing the circuit court entered a summary final judgment of ouster and ordered that the kennel club be ousted from exercising the privileges and powers of a corporation under its certificate of corporation. The court found that the kennel club was a de facto corporation but not a de jure corporation, that by virtue of Chapter 57-237, Laws of Florida, the racing permit issued to the defendant by the Florida Racing Commission in December of 1954 was valid.
The first question before us on this appeal is whether the relator, McAllister, had a right to bring this quo warranto proceeding in the name of the State of Florida.
As stated above, the amended information informed the court that the Attorney General of Florida had refused to prosecute this proceeding.
Rule 2.20 of the Florida Rules of Civil Procedure, 31 F.S.A., provides as to quo warranto: “By Whom Instituted. Proceedings in quo warranto including infor-mations in the nature of quo warranto may be instituted in the Circuit Court by petition or information in the name of the State by the Attorney General, or by any person claiming title to the office or franchise on the refusal of the Attorney General.”
“In State ex rel. Johnson, Attorney General, v. City of Sarasota, 92 Fla. 563, 109 So. 473, 478, the Florida Supreme Court held: “The general common-law rule is that a private individual, without the intervention of the Attorney General, cannot, either of right or by leave of court, file an information in the nature of quo war-ranto, but under the Statute of Anne, in-formations were permitted to be filed upon the relation of any person interested in the subject-matter of the proceeding, and statutory provisions of a similar character are very generally in force in the United States. Under these acts a distinction is made between usurpations which affect pubr lie rights alone, and those which primarily affect some private right, though they at the same time involve the usurpation of a public franchise, in the latter case an information being allowed on the relation of the person whose rights are affected. * M-- * ”
Section 80.01, Florida Statutes, F.S.A., provides:
“Any person claiming title to an office which is exercised by another shall have the right, upon refusal by the attorney general to institute proceedings in the name of the state upon such claimant’s relation, or upon the attorney general’s refusal to file a complaint setting forth his name as the person rightfully entitled to the office, to file an information or institute an action in the name of the state against the person exercising the office, setting up his own claim. In this case the court is authorized and required to determine the right of the claimant to the office, if he so desires. However, in this, as well as in all other proceedings of this character, no person shall be adjudged entitled to hold an office except upon full proof of his title to the office.”
This statute in its terms does not seem to us to be applicable to the present pro *178 ceeding, for the relator, McAllister, does not claim title to any office but rather challenges the corporate existence of the kennel club. We have found no other statute of this state which pertains to the right of a citizen to institute a quo warranto proceeding in the name of the State of Florida or the people thereof in the event the Attorney General of the state refuses to institute the proceeding, so, if McAllister’s right so to do is to be sustained, we must find a basis for it in some principle or rule of law that is applicable to the instant case.
The relator, McAllister, relies upon the opinion in State ex rel. Pooser v. Wester, 126 Fla. 49, 170 So. 736, 738. In that case, Pooser, as a citizen and as a candidate for the office of state senator, and other citizens and taxpayers, filed an information in quo warranto in which he alleged that the primary elections were void in Jackson County and hence that all the nominations for county offices made in such elections were void. The respondents moved to discharge the rule nisi in part on the ground that, since the Attorney General had refused to permit the use of his name, the proceedings could not be maintained by the relators as citizens and taxpayers. A majority of the supreme court did not think it necessary to answer this question on the appeal. In the opinion written by Mr. Justice Terrell it was said: “The doctrine of these cases is generally approved in this country and it is well settled that when the enforcement of a public right is sought, the people are the real party to the cause. The relator need not show he has any real or personal interest in it. It is enough that he is a citizen and interested in having the law upheld, but this, like all other rules of law has its limitations.” We agree that this rule as expressed by Mr. Justice Terrell reflects a principle that is fundamentally sound, at least in election cases such as the Pooser case. The proper holding of an election is so vital in a democracy that we feel that any citizen has a real stake in seeing that elections are lawfully held — so that he should be able to institute quo warranto proceedings to test the validity of the election, even though the Attorney General may refuse the use of his name.
The present case presents a quite different situation, for here a citizen, without apparently possessing any real interest, questions the corporate status of a private corporation. If such a person is permitted to file a quo warranto proceeding on his own relation, one cannot help but envision the door that would be opened to busybodies who might make a practice of investigating many private corporations in order to run down some technical defect in the incorporation and, by threatening to file quo warranto proceedings, develop a considerable nuisance value and perhaps secure substantial settlements. To obviate such a practice, the rule seems wise to require the Attorney General of the state, the state’s chief law enforcement officer, to determine whether to allow the use of his name in such proceedings.
Our holding is in accord with the general rule in many other jurisdictions as stated in 44 American Jurisprudence, Section 77:
“In considering the right of a private relator to institute proceedings in quo warranto, it is necessary to note the distinction observed in many jurisdictions between actions brought for the determination of the title to an office, either public or corporate, and those brought against a corporation. This distinction is found in the Statute of Anne, which contemplated proceedings at the instance of a private relator only against individuals usurping offices or franchises in corporations, and not against the corporation itself as a body. A proceeding against the corporation itself was required to be in the name of the attorney general as relator and on behalf of the Crown, and unless otherwise provided by statute, it is still the rule that the exercise of a corporate franchise can be called in question only at the instance and on *179 behalf of the state, through its proper officer, and cannot be prosecuted by a private individual. In some states this rule is expressly established by statute.”.
Our conclusion is that neither under the statutes of this state nor under any applicable principle of law did the relator have the right to institute the present proceeding for the State of Florida on his relation, without the permission of the Attorney General of Florida to use his name. In view of this ruling there is no occasion for us to consider the other assignment of error. Accordingly, the summary judgment entered by the trial court should be and it is reversed and the cause remanded to the court with directions to dismiss the proceedings.
Reversed.
STURGIS, C. J., and WIGGINTON, J., concur.